UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALEED K. YOUSIF,

    Plaintiff,

v.

Civil Case No. 21-12185
Honorable Linda V. Parker

JP MORGAN CHASE BANK, N.A. and
DYKEMA GOSSETT PLLC,

    Defendants.

_____/

## OPINION AND ORDER SUMMARILY DISMISSING PLAINTIFF'S COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION AND TERMINATION OF MOTIONS

On October 21, 2021, this Court issued an order requiring Plaintiff to show cause as to why his Complaint should not be dismissed for lack of subject matter jurisdiction. (ECF No. 10.) Plaintiff responded to the show cause order on November 2, indicating that the Court has subject matter jurisdiction because he alleges that Defendants committed a federal crime. (ECF No. 14.) Plaintiff does not identify the federal criminal statute Defendants purportedly violated. He only reasserts the allegation in his Complaint that Defendants engaged in "lies, fraud and corruption." Plaintiff points out that Defendant Dykema Gossett did not object to this Court's jurisdiction in a motion to dismiss filed on October 20. (ECF No. 9.)

However, even if the parties do not question the Court's jurisdiction to hear a case, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citing *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). "Subject matter jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). It is lacking here.

Generally, "[a] private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch. *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) (citing *United States v. Nixon*, 418 U.S. 683, 693 (1974); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) (stating that only the United States as prosecutor can bring a criminal complaint under RICO)). Absent a private right of action, a plaintiff cannot recover civilly for the violation of a criminal statute. *Saro*, 11 F. App'x at 388. Plaintiff fails to show that he has a private right of action to sue Defendants for any federal crime. For that reason, his Complaint also fails on the merits.[1]

---

[1] Notably, in a related case, the Honorable Terrence G. Berg has enjoined Plaintiff from filing any more lawsuits in this District without first obtaining permission of the Court. *See* Order, *Yousif v. Alzaroui*, No. 21-11950 (E.D. Mich. Oct. 29, 2021), ECF No. 8.

As indicated in the Court's show cause order, a liberal reading of Plaintiff's Complaint does not reveal another basis for subject matter jurisdiction under 28 U.S.C. §§ 1331 ("federal question" jurisdiction) or 1332 ("diversity jurisdiction").

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that the pending motions are **TERMINATED AS MOOT**.

**IT IS SO ORDERED.**

    s/ Linda V. Parker
    LINDA V. PARKER
    U.S. DISTRICT JUDGE

Dated: November 22, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 22, 2021, by electronic and/or U.S. First Class mail.

    s/Aaron Flanigan
    Case Manager