UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WALEED K. YOUSIF,

    Plaintiff,

v.

Civil Case No. 21-12185
Honorable Linda V. Parker

JP MORGAN CHASE BANK, N.A. and
DYKEMA GOSSETT PLLC,

    Defendants.

_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION

On October 21, 2021, this Court issued an order requiring Plaintiff to show cause as to why his Complaint should not be dismissed for lack of subject matter jurisdiction. (ECF No. 10.) Plaintiff responded to the show cause order on November 2, indicating that the Court has subject matter jurisdiction because he alleges that Defendants committed a federal crime. (ECF No. 14.) Plaintiff noted in his response that Defendant Dykema Gossett did not object to this Court's jurisdiction in a motion to dismiss filed on October 20. (ECF No. 9.) Because federal subject matter jurisdiction is in fact lacking, and cannot be waived, the Court summarily dismissed Plaintiff's Complaint in an opinion and order issued November 22, 2021, and entered a judgment on the same date. (ECF Nos. 26, 27.)

The matter is presently before the Court on Plaintiff's motion for reconsideration. (ECF No. 28.) Eastern District of Michigan Local Rule 7.1(h)(1) precludes motions for reconsiderations of final orders or judgments. Instead, motions seeking relief from a final order or judgment must be filed under Federal Rule of Civil Procedure 59(e) or 60(b). E.D. Mich. LR 7.1(h)(1). Thus the Court construes Plaintiff's motion as being filed under one or both of these rules. Defendant JP Morgan Chase Bank NA responded to the motion. (ECF No. 29.) Plaintiff fails to demonstrate that he is entitled to relief from judgment. Therefore, the Court is denying his motion.

Motions to alter or amend judgment pursuant to Rule 59(e) may be granted only if there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or to prevent manifest injustice. *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). Rule 59(e) permits a court to alter or amend a judgment, but it 'may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n. 5 (2008) (citing 11 C. Wright & A. Miller, Federal Practice and Procedure § 2810.1 (2d ed. 1995)); *see also Mich. Flyer LLC v. Wayne Cnty. Airport Auth.*, 860 F.3d 425, 431 (6th Cir. 2017) (quoting *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998) ("A motion under Rule 59(e) is not an opportunity to re-argue a case."). "A motion to alter or reconsider a judgment is an extraordinary remedy and should be granted sparingly

because of the interests in finality and conservation of scarce judicial resources." *In re J & M Salupo Dev. Co.*, 388 B.R. 795, 805 (B.A.P. 6th Cir. 2008) (quoting *Am. Textile Mfrs. Inst., Inc. v. Limited Inc.*, 179 F.R.D. 541, 547 (S.D. Ohio 1998)).

Rule 60(b) allows a court to relieve a party from a final judgment, order, or proceeding for a number of reasons but, as possibly relevant here, due to:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> . . .
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The party seeking relief under Rule 60(b) bears the burden of establishing the grounds for such relief by clear and convincing evidence." *Info-Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 454 (6th Cir. 2008) (internal quotation marks and citations omitted).

Plaintiff fails to establish his entitlement to relief under either rule. This is because, regardless of whether either defendant raised a question as to this Court's jurisdiction, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) (citing *Thornton v. Southwest Detroit Hosp.*, 895 F.2d 1131, 1133 (6th Cir. 1990)). "Subject matter

3

jurisdiction can never be waived or forfeited." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). For the reasons explained in the Court's October 21, 2021 show cause order and November 22 decision, subject matter jurisdiction is lacking.

Contrary to Plaintiff's assertion, Dykema Gossett PLLC is not a "nationwide" citizen. Instead, because its members are Michigan citizens, the firm is a Michigan citizen, like Plaintiff. Plaintiff does not assert a violation of federal law and he has not demonstrated that he has a private right of action to assert the violation of any federal criminal statute. Contrary to Plaintiff's belief, his jury demand does not remove this Court's obligation to assess whether he may pursue his claims in federal court, and it does not confer upon the jury the obligation or authority to decide what claims Plaintiff is asserting.

Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

        s/ Linda V. Parker
        LINDA V. PARKER
        U.S. DISTRICT JUDGE

Dated: August 17, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, August 17, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

5